# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WYNDHAM VACATION
OWNERSHIP, INC.; WYNDHAM
VACATION RESORTS, INC.;
WYNDHAM RESORT
DEVELOPMENT CORPORATION;
SHELL VACATIONS, LLC; SVC-
HAWAII, LLC; SVC-WEST, LLC; and
SVC-AMERICANA, LLC,

                Plaintiffs,

v.                                      Case No:   6:19-cv-756-Orl-41GJK

CLAPP BUSINESS LAW, LLC; MARY
CLAPP, ESQ.; THE TRANSFER
GROUP, LLC; VACATION
CONSULTING SERVICES, LLC; VCS
COMMUNICATIONS, LLC; BRIAN
SCROGGS; TRANSFER FOR YOU
LLC; ALLIED SOLUTION GROUP,
LLC; JJ MIDWEST MARKETING
LLC; JJ&C MARKETING, LLC; THE
MID-WEST TRANSFER, LLC;
MIDWEST TRANSFERS LLC; JOSH
UNGARO; REAL TRAVEL, LLC; and
BART BOWE,

                Defendants.

---

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND PRODUCTION OF DOCUMENTS FROM DEFENDANTS VACATION CONSULTING SERVICES, LLC, REAL TRAVEL, LLC, THE TRANSFER GROUP, LLC, AND BRIAN SCROGGS, AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 137)** |

> **FILED:**      **July 2, 2019**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

## I.      BACKGROUND.

On December 10, 2018, Plaintiffs, consisting of seven Wyndham-related entities that conduct timeshare sales and development activities (collectively, "Wyndham"), filed an Amended Complaint against fifteen Defendants who are in the timeshare exit business. Doc. No. 70. The Defendants include Vacation Consulting Services, LLC; Real Travel, LLC; The Transfer Group, LLC; and Brian Scroggs (collectively, the "VCS Defendants"). *Id.* at ¶¶ 36-40, 42. Wyndham seeks compensatory damages and injunctive relief and alleges the following causes of action against the VCS Defendants:[1] Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) (Count I); Contributory False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) (Count IV); Tortious Interference with Contractual Relations (Count V); Civil Conspiracy (Count VI); and Violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VII). *Id.* at 42-57.

On July 2, 2019, Wyndham filed a motion to compel the production of documents against the VCS Defendants (the "Motion"). Doc. No. 137. On July 16, 2019, the VCS Defendants filed their response to the Motion. Doc. No. 142.

On July 17, 2019, the Court granted attorney Shannon L. Zetrouer's motion to withdraw from representing the VCS Defendants and Bart Bowe, Doc. No. 143, and on July 18, 2019, the Court granted attorney Tyson James Pulsifer and Zetrouer Pulsifer, PLLC's motion to withdraw

_____

[1] Wyndham includes various other Defendants in the counts asserted against the VCS Defendants. Doc. No. 70 at 42-57.

from representing Scroggs and Bowe, Doc. No. 145. Scroggs and Bowe have since been proceeding pro se. On July 31, 2019, the Court granted attorney Tyson James Pulsifer and Zetrouer Pulsifer, PLLC's motion to withdraw from representing The Transfer Group, LLC; Vacation Consulting Services, LLC; VCS Communications, LLC; and Real Travel, LLC. Doc. No. 150. As limited liability corporations cannot appear pro se, and no attorney filed a notice of appearance purporting to represent the entities, their motions to dismiss the Amended Complaint were stricken and clerk's defaults were entered against them. Doc. No. 150.

## II.    THE MOTION.

On March 1, 2019, Wyndham served the VCS Defendants via email to their counsel with Requests for Production. Doc. No. 142-3 at 1-3. Although an incorrect email address was listed for Pulsifer, Zetrouer was also emailed the Requests for Production. *Id.* at 1. On April 3, 2019, Pulsifer responded to the Requests for Production on behalf of the VCS Defendants, stating that he received them on March 4, 2019. Doc. No. 137-1 at 2, 12; Doc. No. 137-2 at 2, 12; Doc. No. 137-3 at 2, 12; Doc. No. 137-4 at 2, 12.

On June 18, 2019, counsel conferred, and the VCS Defendants' counsel informed Wyndham's counsel that the VCS Defendants submitted documents to him, but did not authorize him to produce the documents to Wyndham. Doc. No. 142 at 3. On July 11, 2019, after the Motion was filed, the documents submitted to the VCS Defendants' counsel were produced to Wyndham. *Id.*

### A.    Timeliness of Production

Wyndham argues that the VCS Defendants' objections should be considered waived because they were not timely asserted. Doc. No. 137. The VCS Defendants argue that their responses were not untimely because Pulsifer did not receive the Requests for Production until

March 4, 2019. Doc. No. 142 at 4-5. The Court rejects the VCS Defendants' argument. The Requests for Production were also emailed to Pulsifer's co-counsel, Zetrouer, and there is no indication that she did not receive them on March 1, 2019.

Nonetheless, the VCS Defendants' objections are not waived because they were served three days late. Wyndham fails to cite a case finding that objections served three days late and without any resulting prejudice to the requesting party were deemed waived.

> **B.** **Production of Documents in Counsel's Possession**

The VCS Defendants argue that the Motion is moot because they "produced to Plaintiffs all documents within their counsel's possession [that were the] subject of the parties' conferral . . . ." *Id.* at 4. The VCS Defendants are no longer represented by counsel, and there is no assurance that the documents they produced to their then-counsel represent all documents within their possession or control that are responsive to the Requests to Produce. Thus, this argument is rejected.

> **C.** **The Requests for Production**

Set forth below are the specific Requests for Production at issue. The Requests for Production are identical for each VCS Defendant. Doc. No. 137 at 3 n.1. The VCS Defendants object to many of the requests by asserting that they are "unduly burdensome" or "not reasonably calculated to lead to the discovery of any admissible evidence." Doc. No. 137 at 5-22. As the VCS Defendants provided no support for the unduly burdensome objections and used the wrong standard for their relevancy objections, the objections are overruled.

1.      Requests for Production 1, 2, 29, and 46

1. All agreements and contracts between [Responding Defendant] and any Wyndham Owner.

2. All agreements and contracts between [Responding Defendant] and any of the other Defendants in this Lawsuit.

29. All worksheets, checklists, welcome packets, customer acknowledgements, "Things to Remember" worksheets, and all other documents provided by [Responding Defendant] to any Wyndham Owner.

46. A copy of all employee handbooks applicable to any [Responding Defendant] employee, representative, or agent whose duties included soliciting, marketing to, or otherwise providing any service to any Wyndham Owner.

Doc. No. 137 at 3.

The VCS Defendants' response to each of these Requests for Production is: "To the extent Defendant is in custody, possession, or control of responsive documents, Defendant will confer with Plaintiff's counsel and produce the same subject to a mutually agreeable confidentiality agreement." They did not raise any objections to producing documents in response to these requests, and their response to the Motion does not address the requests, Doc. No. 142. Thus, the Motion is granted as to Requests to Produce 1, 2, 29, and 46.

2.      Requests for Production 5-12, 14-19, 21-25, 27, 28, 34-36, 39-44, and 49

Among other objections, the VCS Defendants object to all of the following requests as being overbroad. Doc. No. 137 at 5-22.

5. All documents documenting any payments made to, or money transferred to, [Responding Defendant] by any Wyndham Owner.

6. All documents that reflect or relate to any payments made to, or money transferred to, [Responding Defendant] by any Wyndham Owner.

7. All correspondence and communications between [Responding Defendant] and any Wyndham Owner.

8. All documents that reflect, evidence, or relate to any correspondence or communications between [Responding Defendant] and any Wyndham Owner.

9. All documents that reflect, evidence, or relate to any communications or correspondence between [Responding Defendant] and any of the other Defendants in this Lawsuit regarding Wyndham and/or any Wyndham Owner.

10. All documents in [Responding Defendant's] possession, custody, or control that reflect, evidence, or relate to any agreement or contract between or among any of the other Defendants in this Lawsuit that relate in any way to timeshares, timeshare owners, or the provision of any timeshare-related service.

11. All documents in [Responding Defendant's] possession, custody, or control that reflect, evidence, or relate to any communications or correspondence between or among the other Defendants to this Lawsuit that relate in any way to Wyndham, any Wyndham Owner, or the provision of a timeshare-related service to any Wyndham Owner.

12. All documents that reflect, evidence, or relate to any communications or correspondence between [Responding Defendant] and Wyndham that relate to any Wyndham Owner or the provision of a timeshare-related service to any Wyndham Owner.

14. All documents in [Responding Defendant's] possession, custody, or control that reflect, evidence, or relate to any communications between any other Defendant in this Lawsuit and any

Wyndham Owner that relate in any way to Wyndham, or the provision of a timeshare-related service to such Wyndham Owner.

15. All documents that reflect, evidence, or relate to any agreement or contract between [Responding Defendant] and any non-party to this Lawsuit that relate in any way to timeshares, timeshare owners, or the provision of any timeshare-related service.

16. All documents that reflect, evidence, or relate to any communications or correspondence between [Responding Defendant] and any non-party to this Lawsuit that relate in any way to Wyndham, any Wyndham Owner, the provision of a timeshare-related service to any Wyndham Owner, or the advertising of timeshare-related services.

17. All documents related to any website maintained, or online advertising or marketing used, by [Responding Defendant] that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

18. All documents related to any website maintained, or online advertising or marketing used, by the other Defendants in this Lawsuit that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

19. All documents related to the purchase of online advertisements by [Responding Defendant] that markets to, advertises to, or are otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

21. All documents related to any telephone advertising or marketing by [Responding Defendant] that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

22. All documents related to any telephone advertising or marketing by the other Defendants in this Lawsuit that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

23. All documents related to any radio advertising or marketing by [Responding Defendant] that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

24. All documents related to any radio advertising or marketing by the other Defendants in this Lawsuit that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.

25. All documents related to any form of advertising or marketing employed by [Responding Defendant] that uses the name "Wyndham."

27. All documents in [Responding Defendant's] possession, custody, or control related to any form of advertising or marketing employed by any other Defendant in this Lawsuit that uses the name "Wyndham."

28. All documents used by [Responding Defendant], or anyone acting on [Responding Defendant's] behalf, to communicate with potential and/or new timeshare clients, including but not limited to, call scripts, intake questionnaires, and intake forms.

34. All documents that reflect or evidence any payments made, or funds exchanged, between [Responding Defendant] and any of the other Defendants related to any Wyndham Owner.

35. All documents related to any testimonial, endorsement, or review provided by any current or former client/customer that [Responding Defendant] has either published or advertised in any manner. This request includes, without limitation, any communication between

[Responding Defendant] and such client/customer in which the client/customer communicated the substance of the testimonial, endorsement, or review.

36. All documents that reflect or relate to services that [Responding Defendant] provided on behalf of each client/customer that provided [Responding Defendant] with a testimonial, endorsement, or review that [Responding Defendant] or any other Defendant has published or advertised.

39. All documents that reflect or relate to communications from Wyndham Owners to [Responding Defendant] expressing dissatisfaction or complaints with the services that [Responding Defendant] provided such Wyndham Owners.

40. All documents that reflect or relate to communications from Wyndham Owners to [Responding Defendant] expressing dissatisfaction or complaints with the services that any other Defendant in this Lawsuit provided such Wyndham Owners.

41. All documents that reflect or relate to communications from Wyndham Owners to any other Defendant in this Lawsuit expressing dissatisfaction or complaints with the services that [Responding Defendant] provided such Wyndham Owners.

42. All documents in [Responding Defendant's] possession, custody, or control that reflect or relate to communications from Wyndham Owners to any other Defendant in this Lawsuit expressing dissatisfaction or complaints with the services that such other Defendants provided such Wyndham Owners.

43. All documents that reflect or relate to communications requesting a refund from [Responding Defendant] of any payment made by such Wyndham Owner for services related to his or her timeshare.

44. All documents that reflect or relate to communications requesting a refund from any other Defendant of any payment made by such Wyndham Owner for services related to his or her timeshare.

49. [Responding Defendant's] complete customer file for each Wyndham Owner.

Doc. No. 137 at 5-21.

None of the requests listed above contain a time limitation. *Id.* Also, the majority of the requests use the phrase "relate to" or "relate in any way to." *Id.* The requests for documents for an unlimited period of time, in addition to including not just the documents described in the requests, but also those that "relate to" or "relate in any way to" the documents requested, render the requests overbroad and not proportional to the needs of this case. *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2019 WL 3037792, at *2 (M.D. Fla. July 11, 2019) (requests unlimited in time and essentially seeking all communications with clients were overbroad); *Reist v. Source Interlink Cos., Inc.*, No. 2:10-CV-269, 2010 WL 4940096, at *3 (M.D. Fla. Nov. 29, 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").

### 3.  Request for Production 47

47. All IRS forms completed by [Responding Defendant] or on [Responding Defendant's] behalf in the past five (5) years, including but not limited to, all tax return forms, quarterly filings, annual filings, and Form W-9s.

Response: Objection, not reasonably calculated to lead to the discovery of admissible evidence. This request is also abusive, intended to harass Defendant, and violates its right to privacy.

Doc. No. 137 at 21. In the response to the Motion, the VCS Defendants admit that "a plaintiff may be entitled to defendants' profits for Lanham Act claims . . . ." Doc. No. 142 at 7. They argue that

Request for Production 47 is nevertheless irrelevant because "Plaintiffs[] claim they incur harm when Defendants allegedly instruct timeshare owners to withhold payments to Plaintiffs, not when the timeshare owner obtains services from Defendants flowing from advertising." Doc. No. 142 at 7-8. A reading of the Amended Complaint reveals that Plaintiffs' claims and Defendants' business are based on Defendants' promises to help timeshare owners obtain relief from their timeshare obligations. Doc. No. 70. The VCS Defendants' argument that Plaintiffs are not alleging that they incur harm "when the timeshare owner obtains services from Defendants flowing from advertising" reads Plaintiffs' claims too narrowly.

The VCS Defendants then object that the "request is also abusive, intended to harass Defendant, and violates its right to privacy." Doc. No. 137 at 21. In the response to the Motion, however, the VCS Defendants fail to explain how the request is abusive, intended to harass them, or violates their right to privacy. Doc. No. 142 at 7-8. They merely state that "[t]he otherwise strong interest in protecting a private party's financial interest should not be overruled, particularly with respect to Plaintiff's facially overbroad requests." *Id.* at 8. They also fail to cite a case holding that IRS Forms are not discoverable. Thus, their objections to Request for Production 47 are overruled.

### D.     Award of Attorney's Fees and Costs

Both parties request an award of attorney's fees under Federal Rule of Civil Procedure 37(a)(5). Doc. No. 137 at 22-23; Doc. No. 142 at 11. Because the Motion is granted in part and denied in part, neither party is entitled to an award of attorney's fees and costs.[2] *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may issue any

---

[2] As the VCS Defendants are not entitled to an award of attorney's fees under Rule 37(a)(5), the Court need not reach the issue of whether attorney's fees should be awarded in their favor now that they are unrepresented by counsel, but counsel prepared the response to the Motion before their withdrawal from representation.

protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

Accordingly, it is **ORDERED** that the Motion (Doc. No. 137) is **GRANTED in part and DENIED in part** as follows:

1. **On or before October 21, 2019**, the VCS Defendants shall produce all documents responsive to Requests to Produce 1, 2, 29, 46, and 47; and

2. In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 19, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties