UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:19-cv-00756-CEM-GJK

WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation, *et al.*,

    Plaintiffs,

v.

CLAPP BUSINESS LAW, LLC, a Missouri limited liability company, *et al.*,

    Defendants.

**PLAINTIFFS' MOTION FOR CONTEMPT AND SANCTIONS AGAINST DEFENDANTS ALLIED SOLUTION GROUP, LLC, JJ MIDWEST MARKETING LLC, JJ&C MARKETING LLC, THE MID-WEST TRANSFER LLC, MIDWEST TRANSFERS LLC, AND JOSH UNGARO**

Plaintiffs, Wyndham Vacation Ownership, Inc., Wyndham Vacation Resorts, Inc., Wyndham Resort Development Corporation, Shell Vacations, LLC, SVC-Hawaii, LLC, SVC-Americana, LLC, and SVC-West, LLC (collectively, "Plaintiffs" or "Wyndham"), by and through their undersigned counsel, and pursuant to this Court's September 18, 2019 Order [DE 163] and Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure, move for sanctions for Defendants', Transfer for You LLC ("Transfer"), Allied Solution Group, LLC ("Allied"), JJ Midwest Marketing LLC ("JJ"), JJ&C Marketing LLC ("JJ&C"), The Midwest Transfer LLC ("The Midwest"), Midwest Transfers LLC ("Midwest Transfer"), and Josh Ungaro ("Ungaro") (collectively, "Defendants") failure to comply with the Order and request that the Court issue an order directing Defendants to show cause why they should not be held in contempt for failing to

comply with the Order. As set forth below, Defendants have completely ignored their discovery obligations and this Court's Order.

## I. FACTUAL BACKGROUND

On August 5, 2019, Plaintiffs filed a Motion to Compel Discovery and Production of Documents from Defendants. [ECF No. 157] (the "Motion to Compel"). As set forth in the Motion to Compel, Defendants failed to provide any written responses or document production in response to Plaintiff's Requests for Production (the "Requests").

Defendants did not respond to the Motion to Compel, and on September 18, 2019, the Court entered its Order granting the Motion to Compel. [ECF No. 63] (the "Order"). The Court ordered Defendants to produce all documents responsive to the Requests on or before September 25, 2019. [*Id.*, 2]. On September 26, 2019, after having received no documents whatsoever, Plaintiffs' counsel contacted Defendants' counsel to inquire as to the status of Defendants' compliance with the Court's Order. Attached as Exhibit "1" is Wyndham's counsel's correspondence with Defendants' counsel.

Subsequently, after several conferrals between the parties, Defendants produced:

(1) Access to Defendants' Consumer Relations Management ("CRM") platform, but not the underlying documents themselves;

(2) Access to a Google Gmail account, to which Defendants <u>forwarded</u> emails purportedly in response to the Requests – thus not the underlying emails themselves; and

(3) Tax Returns for the years 2014 – 2016.

Thus, Defendants have plainly failed to produce many of the documents responsive to the Requests as ordered. The documents Wyndham has yet to receive (or be provided access to) are identified below. Defendants' failure to fully produce the responsive documents is in direct violation of this Court's September 18, 2019 Order.

## II.   MEMORANDUM OF LAW

Although Defendants began a rolling production after being notified of their total non-compliance with the Court's September 25, 2019 Order, Defendants' production is not complete. The Defendants have partially produced their Tax Returns for the years 2014 through 2016 (which is incomplete because Wyndham requested five years' of tax returns) and have given Wyndham access to documents contained within the Defendants' CRM. From conferrals with Defendants' counsel, Wyndham understands that the CRM access will provide Wyndham with many of the documents it seeks, including agreements with Wyndham's timeshare owners and other documents that would be maintained in Defendants' client files.[1] Nonetheless, even the Defendants' granting Wyndham access to their CRM fails to give Wyndham access to certain documents described below. Plaintiffs' Requests are attached hereto as Composite Exhibit "2." Defendants' collective responses to the Requests (the "Responses") are attached hereto as Exhibit "3."

Reproduced below are the portions of the Requests and Responses that remain at issue.[2]

### A.   *Correspondence and Communications*

Plaintiffs requested correspondence and communications from the Defendants pursuant to Request Nos. 7 and 12:

> 7. All correspondence and communications between [Defendant] and any Wyndham Owner.

---

[1] Wyndham is in the process of retaining a vendor to forensically image and copy the CRM data, such that Wyndham can properly obtain a copy of the documents within the CRM and review them. Should Wyndham later discover that the CRM data lacks the information or documents that Defendants have represented to be within the CRM, Wyndham reserves the right to seek to compel the production of such documents, with additional sanctions attendant to such motion.

[2] The same Requests were served on each of the Defendants. The Requests and corresponding Responses are reproduced only once herein for the purpose of judicial economy, with "Defendant" inserted in place of the particular Defendants' name.

> RESPONSE: All documents or electronically stored information responsive to this request have been produced instead of permitting the inspection thereof.
>
> 12. All documents that reflect, evidence, or relate to any communications or correspondence between [Defendant] and Wyndham that relate to any Wyndham Owner or the provision of a timeshare-related service to any Wyndham Owner.
>
> RESPONSE: All documents or electronically stored information responsive to this request have been produced instead of permitting the inspection thereof.

**ARGUMENT:** As noted above, Defendants have not yet produced documents responsive to requests 7 and 12. Instead, Defendants attempted to forward emails to a newly created Gmail inbox and provide log-in credentials to Wyndham for the Gmail inbox. That procedure, however, creates a new document (i.e., the forwarded email) with new metadata that replaces that of the underlying email that was forwarded; it does not produce the native document that Wyndham has requested.

Wyndham is entitled under Rule 34 to "specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C); *see also Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, No. 10-62411-CIV, 2012 WL 12837678, at *3 (S.D. Fla. Nov. 7, 2012) ("The Request may specify the form or forms in which electronically stored information is to be produced."). If the responding party objects to the form of the electronically stored information requested, it is incumbent upon the responding party to raise that objection. *See Lanard Toys Ltd. v. Dolgencorp, LLC*, No. 3:15-CV-849-J-34PDB, 2016 WL 7031326, at *3 (M.D. Fla. Jan. 21, 2016) ("Rule 34(b)(2)(D) provides that if the responding party objects to the specified form, it must state the form or forms it intends to use.")

In the case at hand, Wyndham requested that Defendants produce their correspondence and communications in native format on a CD or DVD. *See* Exhibit "2," at p. 5 (stating that "[t]he electronic documents shall be produced in their native format and delivered on a CD or

DVD, as necessary."). Defendants waived any objection to that form of production of electronically stored information when they failed to timely respond to Wyndham's Requests, and this Court has held as much. *See* [ECF No. 163] ("With the exception of objections based upon privilege, all objections that the Ungaro Defendants may have raised are **WAIVED**." (emphasis in original)). The Defendants were therefore required to produce their native correspondence and communications, including emails, in the format requested by Wyndham by the Court's September 25, 2019 deadline, and have continued to fail to produce the documents even following the parties' conferral. Therefore, the Court should enter a further order requiring production of the documents and impose sanctions as requested herein.

### B. *Websites & Online Advertising*

Plaintiffs requested documents related to websites and online advertising from the Defendants in requests 17 and 19:

> 17. All documents related to any website maintained, or online advertising or marketing used, by [Defendant] that markets to, advertises to, or is otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.
>
> RESPONSE: After diligent search there are no documents responsive to this request in the care custody of control of the defendants.
>
> 19. All documents related to the purchase of online advertisements by [Defendant] that markets to, advertises to, or are otherwise directed toward timeshare owners, including, without limitation, any Wyndham Owner.
>
> RESPONSE: After diligent search there are no documents responsive to this request in the care custody of control of the defendants.

**ARGUMENT:** These responses are simply and demonstrable false, as both of the websites at issue in Wyndham's Amended Complaint, www.alliedsolutiongroup.com and www.themwt.com, are still active web addresses (and contain virtually identical content for the two companies). *See* [ECF No. 70, at ¶¶ 115, 117]. Copies of the homepages for these websites,

accessed contemporaneously with the filing of this Motion, are attached as Composite Exhibit "4." Wyndham requests that the Court compel the Defendants to produce the documents related to the maintenance of these websites, and award the sanctions listed below.

### C. *Bank Records*

Plaintiffs requested documents related to payments and funds exchanged between the Defendants in request 37:

> 37. All documents in [Defendant's] possession, custody, or control that reflect or evidence any payments made, or funds exchanged, between or among any of the other Defendants related to any Wyndham Owner.
>
> RESPONSE: All documents or electronically stored information responsive to this request have been produced instead of permitting the inspection thereof. Specifically produced is the Customer Relationship Management file for each Wyndham owner.

**ARGUMENT:** Wyndham brings claims against the Defendants under the Lanham Act, which permits Wyndham to seek disgorgement of Defendants' profits as a remedy. *See* 15 U.S.C. § 1117(a) ("*[T]he plaintiff shall be entitled*, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) *defendant's profits*, (2) any damages sustained by the plaintiff, and (3) the costs of the action." (emphasis added)).

Thus, documents showing the Defendants' revenues and expenses, including bank statements, are plainly relevant to Wyndham's recoverable damages and discoverable. *See Best W. Int'l, Inc. v. Bhagirath*, No. CIV.A. 12-0121, 2013 WL 2147208, at *3 (M.D. La. May 14, 2013) ("[I]nformation related to Defendants' bank accounts is likely to provide the most effective measure of the revenues generated by Defendants in the alleged contravention of the Lanham Act."); *see also Precision IBC, Inc. v. PCM Capital, LLC*, No. CIV.A. 10-0682-CG-B, 2012 WL 750744, at *5 (S.D. Ala. Mar. 5, 2012) (upholding the magistrate's order requiring the Lanham Act defendants to produce financial information, including balance sheets, profit and

loss statements, and tax returns); *Taser Int'l, Inc. v. Stinger Sys., Inc.*, No. 2:09-CV-00289-KJD-PA, 2010 WL 5070929, at *4 (D. Nev. Dec. 6, 2010) (Lanham Act plaintiff "is entitled to obtain information regarding the Defendants' financial condition, incomes, expenses, and deductions").

It is also beyond dispute that, if a party does not have possession of discoverable bank records, it has an obligation to obtain those records for the purpose of producing them. *See De Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014669, at *1 n.3 (S.D. Fla. Aug. 23, 2012) (requiring responding party to request and produce account statements maintained at bank because such statements are within the responding party's control); *De Leon v. Four Star Corp. Catering, Inc.*, No. 12-61652-CIV, 2013 WL 12085504, at *2 (S.D. Fla. May 6, 2013) ("Defendants are reminded that they must produce not only responsive documents that are in their possession or custody, but also documents in their control, such as bank records and tax returns.").

Here, Defendants were required to produce their bank records, merchant account records, and other records reflecting the amounts they received from Wyndham timeshare owners, yet they have failed to do so. Defendants do not dispute that these bank records and merchant account records exist, but have stated that they do not possess the records. As shown above, however, non-possession of such records is no excuse for failing to produce the documents. Furthermore, Defendants have waived any objection (other than privilege, which is not at issue) to the production of the requested documents. Therefore, the Court should enter a further order requiring production of the documents and impose sanctions as requested herein.

### III.     REQUEST FOR SANCTIONS

"Under Rule 37(b), 'a district court may impose sanctions for failure to comply with discovery orders. One of those sanctions includes treating the actions of the disobeying party as

'contempt of court.'" *Envt'l Mfg. Sols., LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1330–31 (M.D. Fla. 2017) (citing *Serra Chevrolet. Inc., v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006); Fed R. Civ. P. 37(b)(2)(A)(vii)). "A court may impose sanctions under Rule 37(b) for a variety of purposes, including: '1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney.'" *Wyndham Vacation Ownership, Inc. v. American Consumer Credit, LLC*, No. 18-80095-CIV-RUIZ/REINHART, 2019 WL 4748328, at *1 (S.D. Fla. Aug. 30, 2019).

"The United States Court of Appeals for the Eleventh Circuit has established the burden of proof for holding a party in civil contempt:

> District Courts have inherent power to enforce compliance with orders through civil contempt. In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by 'clear and convincing' evidence that the underlying order was violated. This clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged contemner had the ability to comply with the order."

*United States v. Boatwright*, No. 3:07-CV-887-J-25JRK, 2008 WL 11470844, at *2 (M.D. Fla. Oct. 6, 2008), *report and recommendation adopted*, No. 3:07-CV-887-J-25JRK, 2009 WL 10712780 (M.D. Fla. Mar. 27, 2009).

Depending on the extent of the conduct, appropriate sanctions for contempt may include 'a coercive daily fine, a compensatory fine, attorney's fees and costs, or coercive incarceration.'" *Id*, at *3. Additionally, "[t]he violation of a court's prior order to provide or permit discovery additionally requires the award of reasonable attorney's fees and costs to the opposing party." *Atkinson v. Volusia Cty. Sch. Bd.*, No. 6:15-cv-619-ORL-40DAB, 2016 WL 4943935, at *2 (M.D. Fla. Sept. 16, 2016). Courts recognize the imposition of a *per diem* fine for failure to

comply as an adequate discovery sanction under Fed. R. Civ. P. 37(b)(2)(A)(vii) to compel compliance. *Envt'l Mfg. Sols.*, 274 F. Supp. 3d at 1330–31 ("[A] per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" is civil because once the jural command is obeyed, the future, indefinite, daily fines are purged." (internal citations and quotation marks removed)).

Defendants continue to willfully obstruct discovery by failing to produce documents responsive to Plaintiffs' Requests – documents which are relevant and likely dispositive as to central issues in the case, such as the knowledge of the individual parties and their roles in the overall scheme alleged in the Amended Complaint [ECF No. 70]. Plaintiffs have attempted for several months to obtain the responses, ultimately resulting in the Court's September 18, 2019 Order. Even that appears to be insufficient to compel the Defendants to produce the documents at issue in this case.

Defendants' continued disobedience is in the face of this Court's (1) valid and lawful Order [DE 163], (2) which is clear, definite and unambiguous in stating that "**On or before September 25, 2019,** the Ungaro Defendants shall produce shall produce all documents responsive to the requests for production;" [*Id*. at 2], and (3) the Defendants have made no showing that they lacked the ability to comply with the Court's Order. Thus, the Court can easily find that the three *Boatwright* factors are met in these circumstances. *See Boatwright*, 2008 WL 11470844, at *2.

Because Defendants have failed to fully comply with the Court's September 18, 2019 Order, the Court should impose a *per diem* fine for each day the Defendants continue to fail to fully comply with this Court's September 18, 2019 Order, and award Plaintiffs their reasonable attorneys' fees and costs associated with bringing this Motion.

**WHEREFORE**, Plaintiffs respectfully request that the Court impose a *per diem* fine for each day the Defendants continue to disobey the Court's September 18, 2019 Order, award Plaintiffs their reasonable attorneys' fees and costs and associated with bringing this Motion, and grant such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Counsel for Plaintiffs, Christian M. Leger, Esq. and Jonathan Hart, Esq., have conferred with counsel for Defendants, David Wilson, Esq., on numerous occasions via electronic mail and telephone in an attempt to resolve the disputed issues herein but have been unable to do so.

Dated:  October 8, 2019.

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile:  (561) 822-5527

and

**JOHNATHAN P. HART, ESQ.**
Florida Bar No. 55982

jhart@shutts.com
SHUTTS & BOWEN LLP
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 845-8500
Facsimile: (561) 650-8530

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2019, the foregoing was served via electronic mail on the following:

| | |
|---|---|
| J. Scott Slater, Esq.<br>Email: sslater@slatergrant.com<br>L. Javan Grant, Esq.<br>Email: jgrant@slatergrant.com<br>SLATER GRANT<br>2818 Cypress Ridge Blvd., Ste. 230<br>Wesley Chapel, FL 33544<br>Telephone:  813-995-6444<br>Facsimile:   813-536-0398 | David Anthony Wilson, Esq.<br>Email: david@dwilsonlaw.com<br>201 S.W. 2nd St., Ste. 101<br>Ocala, FL  34771<br>Telephone:  352-629-4466<br>Facsimile:  352-732-6469<br>*Counsel for Defendants, Josh Ungaro, Transfer For You, LLC, Allied Solution Group, LLC, JJ Midwest Marketing, LLC, JJ&C Marketing, LLC, The Mid-West Transfer, LLC, and Midwest Transfers, LLC* |
| Mary M. Clapp, Esq.<br>Email:  mary@clappbusinesslaw.com<br>Clapp Business Law<br>9040 Town Center Parkway<br>Lakewood Ranch, FL 34202<br>Telephone: 941-281-5817<br>Facsimile: 941-270-9964<br>*Counsel for Defendants, Mary Clapp, Esq. and Clapp Business Law, LLC* | |

The undersigned additionally caused the foregoing to be served via U.S. Mail copies on the following *pro se* defendants:

| | |
|---|---|
| Bart Bowe<br>5016 S. Norshire Ct.<br>Springfield, MO 65804 | Brian Scroggs<br>1525 E. Cherry St.<br>Springfield, MO 65802 |
| The Transfer Group, LLC<br>2733 E. Battlefield Rd., #343<br>Springfield, MO 65804 | VCS Communications, LLC<br>2733 E. Battlefield Rd. #343<br>Springfield, MO 65804 |

| | |
|---|---|
| Vacation Consulting Services, LLC<br>2733 E. Battlefield Rd. #343<br>Springfield, MO 65804 | Real Travel, LLC<br>2733 E. Battlefield Rd. #343<br>Springfield, MO 65804 |

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**

ORLDOCS 17212208 3