UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC.;
WYNDHAM VACATION RESORTS, INC.;
WYNDHAM RESORT DEVELOPMENT
CORPORATION; SHELL VACATIONS, LLC;
SVC-HAWAII, LLC; SVC-WEST, LLC; and
SVC-AMERICANA, LLC,

    Plaintiffs,

v.                                       Case No: 6:19-cv-756-Orl-41GJK

CLAPP BUSINESS LAW, LLC;
MARY CLAPP, ESQ.; THE TRANSFER GROUP,
LLC; VACATION CONSULTING SERVICES,
LLC; VCS COMMUNICATIONS, LLC;
BRIAN SCROGGS; TRANSFER FOR YOU LLC;
ALLIED SOLUTION GROUP, LLC; JJ MIDWEST
MARKETING LLC; JJ&C MARKETING, LLC;
THE MID-WEST TRANSFER, LLC; MIDWEST
TRANSFERS LLC; JOSH UNGARO; REAL
TRAVEL, LLC; and BART BOWE,

    Defendants.
_____/   Fla Bar. No.: 0983675

**DEFENDANTS ALLIED SOLUTION GROUP, JJ MIDWEST MARKETING, LLC, JJ&C MARKETING, LLC, THE MID-WEST TRANSFER, LLC, MIDWEST TRANSFERS, LLC, AND JOSH UNGARO'S OBJECTION TO REPORT AND RECOMMENDATION**

COME NOW the undersigned as counsel for Defendants, ALLIED SOLUTION GROUP, JJ MIDWEST MARKETING, LLC, JJ&C MARKETING, LLC, THE MID-WEST TRANSFER, LLC, MIDWEST TRANSFERS, LLC, AND JOSH UNGARO, and submits this objection to the report and recommendation issued by the magistrate and state:

**A. De Novo Review**

    1.    As a preliminary matter, under Federal Rule of Civil Procedure 72, the district judge

1

must consider any objections to a Magistrate's Recommendation de novo. See Fed. R. Civ. P. 72(b)(3).

**B. Procedural history**

2.   On October 5th, 2019 the defendants filed a motion asking for protection from any court imposed filing deadlines between October 7th, 2019 and approximately mid-November as a result of the undersigned's having been scheduled to be in a protracted and complex (as designated by the court) criminal jury trial in the Northern District during which time their counsel would be out of the district. This was discussed with plaintiff's counsel, specifically with respect to the issue of outstanding discovery, who objected to the relief being granted. Doc. 165.

3.   On October 10th, 2019, the day after the criminal trial commenced, the plaintiffs filed their motion for contempt and sanctions against the defendants alleging failures provide documents in response to a prior request for production. Doc. 166.  Due to being in trial, the undersigned was unaware the motion had been filed and therefore no response was filed on the part of the defendants.

4.    On October 21st the plaintiffs filed their response in opposition to the above referenced motion for protection. Doc. 169.  The undersigned was unaware of the filing of this document until the conclusion of the Northern District trial.

5.   On October 23rd, 2019 the court entered it Order denying the defendant's motion for protection. Doc. 170.  The undersigned was unaware of the filing of this document.

6.   On October 30th, 2019 the undersigned's Northern District trial concluded.

7.   On October 31st, 2019 the court entered its report and recommendation as to the plaintiffs' motion for contempt. Doc. 172.

8. In their motion the plaintiffs allege that defendants failed to produce, inter alia, "[A]ll correspondence and communications between [Defendant] and any Wyndham owner" and "[A]ll documents that reflect, evidence, or relate to any communications between [Defendant] and Wyndham that relate to any Wyndham Owner or the provision of a timeshare-related service to any Wyndham Owner."

9. The defendant response to these requests was to state that "All documents or electronically stored information responsive to this request have been produced instead of permitting the inspection thereof."

10. Underlying that response, the defendants assembled the responsive information, which is maintained electronically in its CRM database, into an electronic format to which the plaintiffs were given access. The information contained in this electronic included the complete customer file of every Wyndham customer to include email communications, customer service notes, payment information, and any other information in the possession of the defendants pertaining to the customers at issue. There is simply no information in the possession of the defendants that has not been provided.

11. In the plaintiffs' motion to compel on page 12, footnote 1, the plaintiffs indicate that they are retaining a "vendor" to forensically image the information furnished by the defendants, so it appears they cannot determine whether there exists information that has not been furnished. The defendants have endeavored to provide all of the requested information and stand ready to assist the plaintiffs' "vendor" in verifying its compliance.

12. The plaintiffs likewise note that certain emails were requested but not furnished in the format of their choosing. As noted in the plaintiffs' motion, the defendants identified all emails that were responsive to the plaintiffs' requests and forwarded them to a dedicated email inbox to

3

which the plaintiffs were given the login and password.  This was the most expeditious manner the defendants were aware of to comply with the plaintiffs' request and was in no way intended to obscure any metadata.

13.     In accordance with the format in which the plaintiff has requested the emails to me disclosed, the defendant have requested the assistance of the plaintiff due to its familiarity with the technology required to convert stored emails to native format, a process with which the defendants have no knowledge or experience.  Nevertheless, the defendants remain willing to convert the emails and are attempting to secure an independent source of the necessary information which to this date they have not found readily available.

14.     The plaintiffs allege in their motion that the defendants have failed to produce five years of tax returns.  The defendants did, in fact, produce all tax returns in their care custody and control and requested additional returns from the preparer which were then furnished to the plaintiffs.

15.     The defendants object to the magistrate's finding that the allegations made in the plaintiffs' motion were uncontested.  While no response was filed, the plaintiffs waited until the second day of the unavailability of the defendants' unavailability to file their motion for the specific purpose of frustrating the undersigned's ability to respond.

16.     As a result of the foregoing, the defendants hereby request a hearing on the matters raised in the motion for contempt so that the status of their responses to the plaintiffs' requests can be appropriately addressed.

Respectfully Submitted,

/s/ David A. Wilson
David Anthony Wilson, Esquire
Florida Bar No.: 0983675

>201 S.W. 2nd Street, #101
>Ocala, Florida 34771
>Telephone: (352) 629-4466
>Facsimile: (352) 732-6469
>Email: david@dwilsonlaw.com
>Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing was filed electronically with the court's CM/ECF system which will furnish a copy hereof to all counsel of record on this 13th day of November, 2019.

>/s/ David A. Wilson
>David Anthony Wilson, Esquire