UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP,
INC.; WYNDHAM VACATION
RESORTS, INC.; WYNDHAM RESORT
DEVELOPMENT CORPORATION;
SHELL VACATIONS, LLC; SVC-
HAWAII, LLC; SVC-WEST, LLC; and
SVC-AMERICANA, LLC,

    Plaintiffs,

v.                                         Case No:   6:19-cv-756-Orl-41GJK

CLAPP BUSINESS LAW, LLC; MARY
CLAPP, ESQ.; THE TRANSFER
GROUP, LLC; VACATION
CONSULTING SERVICES, LLC; VCS
COMMUNICATIONS, LLC; BRIAN
SCROGGS; TRANSFER FOR YOU
LLC; ALLIED SOLUTION GROUP, LLC;
JJ MIDWEST MARKETING LLC; JJ&C
MARKETING, LLC; THE MID-WEST
TRANSFER, LLC; MIDWEST
TRANSFERS LLC; JOSH UNGARO;
REAL TRAVEL, LLC; and BART BOWE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Default Judgment and Permanent Injunction Against VCS Entities and Brian Scroggs (Doc. 184). Upon consideration, I respectfully recommend that the motion be denied, as premature.

Plaintiffs, consisting of seven Wyndham-related entities that conduct timeshare sales and development activities (collectively, "Wyndham"), are suing fifteen Defendants in the timeshare exit business (Doc. 70). Wyndham seeks compensatory damages and injunctive relief based upon the following causes of action:

> Count I--Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) v. The Transfer Group, LLC; Vacation Consulting Services, LLC; VCS Communications, LLC; Real Travel, LLC; Bart Bowe; and Brian Scroggs (collectively, the "VCS Defendants");
>
> Count II--Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) v. Transfer For You LLC; Allied Solution Group, LLC; JJ Midwest Marketing LLC; JJ&C Marketing, LLC; The Mid-West Transfer, LLC; Midwest Transfers LLC; and Josh Ungaro (collectively, the "Midwest Defendants");
>
> Count III--Contributory False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) v. Clapp Business Law, LLC; and Mary Clapp, Esq. (collectively, the "Clapp Law Defendants");
>
> Count IV--Contributory False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) v. the VCS Defendants;
>
> Count V--Tortious Interference with Contractual Relations v. the VCS Defendants and the Clapp Law Defendants;
>
> Count VI--Civil Conspiracy v. all Defendants; and
>
> Count VII--Violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") v. all Defendants.

(Id. at 42-57).

The Midwest Defendants have answered and asserted affirmative defenses to Wyndham's claims (Docs. 78-83). On July 31, 2019, the clerk entered defaults against The Transfer Group, Vacation Consulting Services, VCS Communications, and Real Travel (Docs. 151-54). On October 8, 2019, Bowe filed an answer and affirmative defenses to the amended complaint (Doc. 167). On November 19, 2019, the clerk entered a default against Scroggs (Doc. 177). On January 13, 2020, Plaintiffs filed a motion for default judgment against The Transfer Group, Vacation Consulting Services, VCS Communications, Real Travel, and Scroggs (collectively, the "Defaulting

Defendants") (Doc. 184). The Defaulting Defendants did not file a response to the motion.

In cases involving more than one defendant, it has been held that judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated as to all defendants. Frow v. De La Vega, 82 U.S. 552 (1872). If the plaintiffs prevail against the nondefaulting defendants, then they are entitled to judgment against both the defaulting and nondefaulting defendants, but if the non-defaulting parties prevail then in most cases that judgment will accrue to the benefit of the defaulting defendants, unless the defense is personal to that defendant. See Frow, 15 U.S. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Cf. Drill S., Inc. v. Int'l Fidelity Ins. Co., 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "Frow has been interpreted to apply only where there is a risk of inconsistent adjudications."). Courts in this district have followed Frow and declined to grant default judgments when there is a risk of inconsistent adjudications. See, e.g., Regions Bank v. Campus Developmental Research Sch., Inc., No. 6:15-CV-1332-ORL-41DAB, 2016 WL 3039650, at *3 (M.D. Fla. Feb. 11, 2016), report and recommendation adopted, 2016 WL 3033515 (M.D. Fla. May 27, 2016); N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc., No. 6:12-CV-476-ORL-31, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012); Freeman v. Sharpe Res. Corp., No. 6:12-CV-1584-ORL-

22, 2013 WL 686935, at *2 (M.D. Fla. Feb. 7, 2013), report and recommendation adopted, No. 6:12-CV-1584-ORL-22, 2013 WL 686986 (M.D. Fla. Feb. 26, 2013) ("In cases like this one, where there are multiple defendants, judgment should not be entered against a defaulted party alleged to be jointly liable, until the case had been adjudicated with regard to all the defendants.").

In this circuit, it is also "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imp., 740 F.2d 1499, 1512 (11th Cir.1984) (citing Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2690, 6 James Wm. Moore et al., Moore's Federal Practice, ¶ 55.06).

Wyndham alleges tortious interference with contractual relations, civil conspiracy, and FDUTPA against the Defaulting Defendants and other defendants (Doc. 70, at 50-57). In the motion for default judgment, Wyndham describe the relationship among the parties:

> Generally, the Midwest Defendants operate call centers and bulk mailing centers to generate leads, which they refer to the [Defaulting Defendants], who engage with prospective 'customers,' and enter into the contract for illusory services, who are then referred to the Clapp Law Defendants who give the scam a legitimate appearance and act to effectuate the scam through fraudulent demand letters.

(Doc. 184, at 14).

Wyndham also points to the Court's characterization of the allegations in the amended complaint as detailing "'how each group of Defendants partakes in their respective integral parts of the scheme.'" (Id., at 17, quoting Doc. 161, at 13).

As the Defendants' alleged actions that form the basis for liability are intertwined, and the Midwest Defendants and Bowe are defending the case on the merits (see Docs. 78-83, 167),[1] entry of a default judgment is inappropriate at this stage. Absent any indication that the adjudication of liability and entry of default judgment against the Defaulting Defendants is necessary at this point, proceeding in piecemeal fashion is not appropriate. See also Rule 54(b), FED. R. CIV. P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

Now, I **RESPECTFULLY RECOMMEND** that the motion be **DENIED**, **WITHOUT PREJUDICE** to reassertion if appropriate, upon the conclusion of the case.

## Notice to Parties

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the report and recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on February 18, 2020.

THOMAS B. SMITH
United States Magistrate Judge

---

[1] It appears the Clapp Defendants have not filed an answer to the amended complaint following the Court's denial of their motion to dismiss (Doc. 161).

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties